UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
D.M. DISCOVERIES, INC.

                Plaintiff,

                MEMORANDUM & ORDER
                07-CV-5076 (TCP) (ETB)

-against-

DUTTON et al
                Defendants.
-----------------------------------X

PLATT, District Judge.

    Before the Court is the Report and Recommendation of Magistrate E. Thomas Boyle in the above action. <u>See</u> attached Report and Recommendation.

    Judge Boyle filed his Report and Recommendation on August 1, 2008. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, 6(a), and 6(d), Judge Boyle gave the parties 10 days to file any objections. No objections were filed within 10 days.

    Upon review and consideration of the Report and Recommendation, this Court hereby **ADOPTS** and **AFFIRMS** the findings and determinations set forth in the Report and Recommendation of Magistrate Judge E. Thomas Boyle.

    Further, following Judge Boyle's issuance of the Report and Recommendation, the parties corresponded with Judge Boyle regarding the Duttons's future filing of a Motion to Amend the Answer and Counterclaim.[1] That Motion was never filed. At this point, over one year has passed since the parties' correspondences with Judge Boyle regarding that Motion. The Motion is hereby denied as untimely due to undue delay.

---

[1] That correspondence concerned the memorandum-of-law page limits—the Duttons had exceeded them.

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless there are countervailing reasons, leave should be granted. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' "); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) ("While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (citing Foman, 371 U.S. at 182)). Here, over a year has elapsed since the last action occurred in this case, and that Motion is yet to be filed. There has been undue delay, and the Motion is hereby **DENIED**.

Moreover, the Court notes that on the docket, D.M. Discoveries, Inc.—a corporation—is listed as acting pro se. Corporations must be represented in federal court through licensed attorneys. 28 U.S.C. § 1654 (2009); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); Dial-A-Mattress Franchise Corp. v. Page, 880 F.2d 675, 677 (2d Cir. 1989) ("Under the rules of this Circuit, a corporation may not appear pro se. Papers submitted on behalf of a corporation for whom no counsel has entered an appearance may not be filed."). In order for

D.M. Discoveries, Inc. to proceed, it must retain counsel.

Finally, Plaintiff has 30 days to advance the case, or else it will be dismissed for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action. Fed. R. Civ. P. 41(b); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("a federal court's inherent power . . . [include the ability to] act sua sponte to dismiss a suit for failure to prosecute." (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962))).

**SO ORDERED.**

_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
December 1, 2009